UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: PFF Bancorp, Inc. ERISA Litigation | NO. CV 08-01093-SVW(PLAx) <br><br> [PROPOSED] ORDER AND FINAL JUDGMENT |

This matter came before the Court for hearing pursuant to the Court's January 20, 2011 Order on the Parties' application for preliminary approval of the settlement set forth in the Class Action Stipulation And Agreement Of Settlement dated January 7, 2011 (the "Agreement" or "Settlement Agreement"). Due and adequate notice having been given to the Settlement Class[1] as required in the Order, and the Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction under ERISA over the subject matter of the Action and over all parties to the Action, including all members of the Class.

2. The Court certifies this action as a Class Action under FED. R. CIV. P. 23(a) and 23(b)(1). The Class is defined as persons, excluding Individual Defendants, who were participants in or beneficiaries of the PFF 401(k) Plan or the PFF ESOP whose individual Plan accounts were invested in Bancorp Stock at any time during the period from March 1, 2003, through and including September 8,

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2010. Plaintiffs Pauline Perez, Bruce Bonanomi, and Tiffany Woodward (the "Plaintiffs" or "Named Plaintiffs") are appointed as Class Representatives, and Barroway Topaz Kessler Meltzer & Check, LLP ("Barroway Firm") and Stember Feinstein Doyle & Payne, LLC ("Stember Firm"), are appointed as Co-Lead Counsel for the Plaintiffs in the Action pursuant to FED. R. CIV. P. 23(g). Marlin & Saltzman ("Saltzman Firm") is appointed as Liaison Counsel for the Plaintiffs in the Action pursuant to FED. R. CIV. P. 23(g).

3. The Court finds:

(a) The Class is so numerous that it is impractical to bring all Class Members before the Court individually. Internal Revenue Service/Department of Labor Forms 5500 filed by the Plans indicate that there are approximately one thousands Settlement Class Members, and for the purposes of the Settlement the Defendants do not dispute this estimate.

(b) The Class allegations present common questions of law or fact, including:

(i) Whether the Defendants breached fiduciary obligations to the Plans and their participants by causing the Plans to offer the Bancorp Stock as an investment option in the 401(k) Plan and/or continue to invest in Bancorp Stock in both Plans at a time when the Defendants knew or should have known that the stock was not a prudent investment for the Plans;

(ii) Whether the Defendants breached fiduciary obligations to the Plans and its participants by causing the Plans to make and maintain investments in Bancorp Stock, at a time when it was not prudent to do so;

(iii) Whether the Defendants breached fiduciary obligations to the Plans and their participants by providing incomplete and inaccurate information to participants regarding Bancorp Stock and the risks of further investment in such stock;

    (iv) Whether certain Defendants breached fiduciary obligations to the Plans and their participants by failing to prudently monitor the other Defendants, such that the Plans and participants' interests were not adequately protected and served; and

    (v) Whether as a result of the alleged fiduciary breaches engaged in by the Defendants, the Plans and their participants and beneficiaries suffered losses.

  (c) The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the ERISA claims of the Named Plaintiffs arise from the same alleged course of conduct that gives rise to the claims of the Class Members, and their claims are based on the same legal theories under ERISA's scheme for uniform enforcement. Named Plaintiffs allege that they and the other members of the Class were participants in or beneficiaries of the Plans during the Class Period whose Plan accounts included investments in Bancorp Stock, that the Plans' fiduciaries treated them and all other Plan participants alike, and that Plan-wide relief is necessary and appropriate under ERISA. Under these circumstances, the claims asserted by the Named Plaintiffs are sufficiently typical of the claims asserted by the Class as a whole to satisfy FED. R. CIV. P. 23(a)(3).

  (d) The requirements of FED. R. CIV. P. 23(a)(4) are also satisfied. Under ERISA the Named Plaintiffs have no conflicting interests with absent members of the Class. The Court is satisfied that Co-Lead Counsel are qualified, experienced, and prepared to represent the Class to the best of their abilities.

  (e) The Class also satisfies the requirements of FED. R. CIV. P. 23(b)(1). Named Plaintiffs' breach of fiduciary duty claims were brought on behalf of the Plans, creating a risk that failure to certify the Class would leave other Plan participants and beneficiaries without adequate relief. There is also a risk of inconsistent dispositions that might prejudice the Defendants and/or result in contradictory rulings including as to whether various Defendants acted as

fiduciaries; whether the Plans' continued investment in Bancorp Stock was prudent, and whether certain Defendants' disclosures to Plan participants were appropriate.

(f) The Court has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that Co-Lead Counsel will fairly and adequately represent the interests of the Class. Co-Lead Counsel has done substantial work to identify and investigate potential claims in the Action. Co-Lead Counsel have represented that they have investigated the allegations made in the Amended Complaint by interviewing members of the proposed Settlement Class, reviewing publicly available information, reviewing thousands of pages of documents, making claims in PFF's Chapter 11 proceedings, and taking other actions. Co-Lead Counsel has experience in handling class actions and claims of the type asserted in this Action. Co-Lead Counsel has also demonstrated knowledge of the applicable law. Finally, over the course of more than two years, Co-Lead Counsel has devoted considerable resources to and has aggressively litigated this case. The Court concludes that Co-Lead Counsel has fairly and adequately represented the interests of the Settlement Class.

(g) The Settlement Class has received proper and adequate notice of the certification of this Action as a Class Action, the terms of the Settlement Agreement, the Fairness Hearing, Appointed Counsel's application for attorneys' fees and expenses and for the Named Plaintiffs case contribution awards, and the Plan of Allocation. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as national publication and Internet dedicated website notice, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, and included information regarding the procedure for the making of objections. Such notice fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

4.   Pursuant to FED. R. CIV. P. 23(e), the Court hereby approves and confirms the Settlement as a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Action.

5.   The Court hereby approves the Settlement Agreement and orders that the Settlement Agreement shall be consummated and implemented in accordance with its terms and conditions.

6.   The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate, and more particularly finds:

(a)   The Settlement was negotiated vigorously and at arms'-length by the Named Plaintiffs and Co-Lead Counsel on behalf of the Settlement Class seeking Plan-wide relief for the Plans;

(b)   This Action settled following more than two years of aggressive litigation by both Named Plaintiffs and Defendants. Defendant PFF Bancorp, Inc. is bankrupt and in Chapter 11. Defendant PFF Bank & Trust is in receivership. The insurance available to cover these claims was under a wasting policy. The commencement of the PFF Bancorp, Inc. Chapter 11 cases required participation by Co-Lead Counsel to protect the interests of the Named Plaintiffs and the Class. The Action settled following arms'-length negotiations between counsel who were thoroughly familiar with this litigation with the aid of an experienced mediator. Both Named Plaintiffs and Defendants had sufficient information to evaluate the settlement value of the Action.

(c)   If the Settlement had not been achieved, Named Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation. Named Plaintiffs contend that there was a reasonable likelihood of success on the merits at trial and any appeal in light of, *inter alia*, (i) alleged favorable determinations of legal issues in similar cases, (ii) the expert testimony that Plaintiffs expected to offer at trial, (iii) the structure of the Plans and their administration, and (iv) what Named Plaintiffs characterize as favorable documents and testimony that would be

offered at trial. Defendants contend that their chances of success at trial and any appeal were excellent in view of, *inter alia*, (i) alleged legal presumptions favoring the offering of company stock in ERISA defined contribution plans, (ii) what Defendants characterize as Plaintiffs' high burden of proof both in pleadings and at trial, (iii) the expert testimony that Defendants expected to offer at trial, (iv) explanations for the Plans' alleged losses unrelated to actions or inactions of the Plans' fiduciaries, and (v) alleged favorable determinations of legal issues in similar cases. The Court takes no position on the merits of the case, but notes these arguments as evidence in support of the reasonableness of the Settlement.

(d)  The amount of the Settlement — $3,000,000 plus the proceeds of a $400,000 bankruptcy claim — is fair, reasonable, and adequate. The Settlement amount is within the range of settlement values obtained in similar cases.

(e)  At all times, the Named Plaintiffs have acted independently of Defendants and in the interest of the Settlement Class.

(f)  The Court recognizes that after dissemination of notice of the Settlement, 0 objections to the Settlement have been filed.

7.  The Action is hereby dismissed with prejudice, each party to bear his, her, or its own costs, except as expressly provided herein.

8.  Upon the Effective Date, the following Releases provided in the Settlement Agreement shall become Final by operation of this Order and Final Judgment:

    8.1 Upon the Effective Date, Plaintiff-Releasors absolutely and unconditionally release and forever discharge the Releasees from Released Claims asserted in the Action.

    8.2 <u>Released Claims</u>.  Upon the Effective Date, the Plaintiff-Releasors will release any and all claims against Releasees, whether known or unknown, that were brought or could have been brought against the Releasees in the Action or otherwise, that relate to any investment in Bancorp Stock by the Plans or any such investment in Bancorp Stock by any Plan participant through the

Plan, including, without limitation (1) the Bonanomi-Perez Bankruptcy Claim and any other claim asserted against any of the Debtors (except as to the $400,000 allowed general unsecured claim as set forth in Section 2.1), and (2) claims under ERISA based on or relating to investment in Bancorp Stock by or through the Plans during the relevant time period (defined below as "the period from March 1, 2003, through and including the Effective Date"); and (3) all claims against Bancorp or the PFF Bank & Trust receivership that would have been barred by res judicata had the Action been fully litigated to a final judgment.

       8.3 <u>Releases of Named Plaintiffs, the Settlement Class and Appointed Counsel</u>. Upon the Effective Date, Defendants absolutely and unconditionally release and forever discharge the Plaintiff-Releasors from any and all claims and causes of action relating to the institution or prosecution of the Action or the settlement of any Released Claims.

       8.4 <u>Releases of Debtors and FDIC-R</u>. Upon the Effective Date of the Settlement, each of the Individual Defendants shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Debtors and/or the FDIC-R, as successor to PFF Bank & Trust, and the Federal Deposit Insurance Corporation in any capacity, and any Representative, administrator, directed trustee or other person acting at the direction of FDIC-R with respect to the Plans, from any claim, including any claim for indemnity or contribution in law, equity or otherwise, that any such Individual Defendant has asserted or could have asserted or hereafter may have, against the Debtors or the FDIC-R, based on or relating to, or in any manner arising from, the Released Claims asserted in the Lawsuit. In addition, the Parties and the Plaintiff-Releasors hereby release the Federal Deposit Insurance Corporation in any capacity, including the FDIC-R in its capacity as fiduciaries of the Plans and any Representative, administrator, directed trustee or other person acting at its direction with respect to the Plans for any reasonable action taken in good faith in connection with the implementation of the Plan of Allocation, including, but not limited to, any actions taken on behalf of the Plans in connection with this Settlement Agreement. Nothing in this release prevents or affects in any way the Individual Defendants, or any other officers, directors, or employees of Bancorp or PFF Bank & Trust, from seeking or receiving contribution, indemnity, or a defense of any claim asserted against them arising out of or related to their employment or affiliation with Bancorp and/or PFF Bank & Trust in any other action other than in connection with the Released Claims, including any claims in the Securities Related Actions or the Garrison Litigation. Nor does this Settlement Agreement (including the releases contained in it) prevent the Individual Defendants from receiving insurance coverage under the Directors and Officers Liability insurance policies of Bancorp and/or PFF Bank & Trust.

8.5  **Releases of Individual Defendants.** Upon the Effective Date, the Debtors and the FDIC-R absolutely and unconditionally release and forever discharge the Individual Defendants from Released Claims asserted in the Lawsuit that the Debtors and/or the FDIC-R directly, indirectly, derivatively, or in any other capacity ever had, now have, or hereafter may have, as delineated herein; provided, however, that this release and discharge is not made on behalf of the Plans, and that any release on behalf of the Plans shall be governed by Section 3.6.

8.6  **Releases by the Plans.** Contingent upon the Settlement's approval by the Independent Fiduciary in accordance with Section 2.6 of the Settlement Agreement and effective as of the date of such approval by the Independent Fiduciary, the Plans shall be considered one of the Plaintiffs-Releasors, as defined in Section 1.35 of the Settlement Agreement for the purposes of the releases in Article 3 of the Settlement Agreement. As a result, contingent upon the Settlement's approval by the Independent Fiduciary in accordance with Section 2.6 and effective as of the date of such approval by the Independent Fiduciary, the Plans shall release and forever discharge any and all claims released by the Plaintiffs-Releasors as to the Releasees as set forth in Section 3.2 of the Settlement Agreement. Also contingent upon the Settlement's approval by the Independent Fiduciary in accordance with Section 2.6 and effective as of the date of such approval by the Independent Fiduciary, the Defendants shall release and forever discharge the Plans from any and all claims that Defendants released against the Plaintiffs-Releasors in Section 3.3 of the Settlement Agreement.

8.7  **Scope of Releases.**

8.7.1. **Claims Not Released.** Nothing in this Settlement Agreement shall release, bar, waive, preclude or otherwise affect any claims that have been, could have been, or might be asserted, directly or derivatively, by or on behalf of the Plans and/or any member of the proposed Settlement Class which is not included within the Released Claims, including but not limited to claims under the federal securities laws or the securities laws of any state in the Securities Related Actions. Nothing herein shall preclude the Plans or their participants, beneficiaries and/or fiduciaries from filing a claim in connection with any settlement or judgment fund established in the Securities Related Actions. Nothing herein shall release, bar, waive or otherwise affect any claims that have been, could have been, or might be asserted by Bancorp or the FDIC-R, against the Individual Defendants, other than those claims relating to the ERISA claims in this Action. Nothing herein shall release, bar, waive or otherwise affect any claims that have been, could have been, or might be asserted against the Individual Defendants related to the lawsuit filed in California state court entitled Garrison v. PFF Bancorp, Inc., et al., Case No. CIVRS 1002057 (the "Garrison Litigation").

        8.7.2 The releases set forth herein are not intended to include the release of any rights or duties arising out of this Settlement Agreement, including the express warranties and covenants contained herein.

        8.7.3 It is understood by the Named Plaintiffs and the Settlement Class that a risk exists that, following the Effective Date of this Settlement, they may incur or suffer losses, damages, or injuries which are related to the Released Claims, but which they do not know about or anticipate on or before the Effective Date. Further, a risk exists that any loss or damage that the Named Plaintiffs and the Settlement Class presently associate with the Released Claims may be or become greater than currently estimated. The Named Plaintiffs and the Settlement Class assume these risks, and agree to be bound by this Settlement, including the release of Claims contemplated by the Settlement, even if such unknown or unanticipated results later become known or anticipated. To this end, Named Plaintiffs, on their own behalf and on behalf of all members of the Settlement Class and the Plans, with respect to all Defendants, hereby expressly waive any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other State, Territory, or other jurisdiction, except as limited in Section 3.2. Section 1542 reads in pertinent part:

> A general release does not extend to claims that the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Named Plaintiffs, on their own behalf and on behalf of all members of the Settlement Class and the Plans, and Defendants each hereby acknowledge that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other State, Territory, or other jurisdiction was bargained for. The release by the Plans provided for by this Section is contingent upon the Settlement's approval by the Independent Fiduciary in accordance with Section 2.6 of the Settlement Agreement and effective only as of the date of such approval by the Independent Fiduciary.

        8.8    Nothing in this Order and Final Judgment shall release, bar, waive, or preclude any claim that has been or could be asserted directly or derivatively by any member of the Settlement Class or the Plan under the federal securities laws or the securities laws of any state involving the purchase or sale of any PFF securities, or release, bar, waive, or preclude the Individual Defendants' right with respect to Indemnification Obligations, if any, with respect to such claims. The Debtors

FINAL ORDER APPROVING SETTLEMENT     NO. CV 08-01093-SVW-PLA

reserve their right to object to or to challenge any claim that has been or could be asserted directly or derivatively by any member of the Class or the Plan, or by any Individual Defendants, pursuant to this paragraph on any ground. The releases set forth herein do not include the release of any rights or duties of the Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

9. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, this Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction over and rule by separate order with respect to all applications for awards of attorneys' fees and expenses by Appointed Counsel and compensation to the Named Plaintiffs made pursuant to the Settlement Agreement.

10. In the event that the Settlement Agreement is terminated in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and the Action shall proceed as provided in the Settlement Agreement.

11. This Judgment shall not be construed or used as an admission, concession, or declaration of any fault, wrongdoing, breach or liability by any Party.

1      12.    Any court order regarding the Plan of Allocation, the application for a case contribution award for Named Plaintiffs, or any application for attorneys' fees and expenses shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

SO ORDERED this 27th day of April, 2011.

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE